IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN F. DALL,<br><br>                 Plaintiff,<br><br>vs.<br><br>GREGORY M. CONSTANTINO,<br>DAVID R. TODD, CONSTANTINO<br>LAW OFFICE P.C., ERIK JACOBSON,<br>RICHARD KENNERLEY,<br>GUGLIELMO & ASSOCIATES, PLLC,<br>ARROW FINANCIAL SERVICES LLC,<br>LVNV FUNDING, LLC,<br><br>                 Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:15CV125DAK<br><br>Judge Dale A. Kimball |

       This matter is before the court on Defendants Gregory M. Constantino, Constantino Law Office, P.C., and David R. Todd's (collectively "Constantino Defendants") Rule 12(c) Motion for Judgment on the Pleadings, the Constantino Defendants' Rule 12(b) Motion for Partial Summary Judgment on Plaintiff's Second and Fourth Causes of Action, and Plaintiff Susan F. Dall's Motion for Remand for Failure to Effectively Remove Action. On February 10, 2016, the court held a hearing on the Constantino Defendants' motions. At the hearing, Dall was represented by Douglas R. Short and the Constantino Defendants were represented by Patrick C. Burt and S. Shane Stroud. The court took the motions under advisement. Dall's motion for remand was not filed until after the hearing on the Constantino Defendants' motions. The court does not believe that an additional hearing would significantly aid in the determination of that

motion. Therefore, the court will consider Dall's motion for remand based on the memoranda submitted by the parties. Having carefully considered the memoranda submitted by the parties and the law and facts relating to all the pending motions, the court issues the following Memorandum Decision and Order.

## BACKGROUND

On November 28, 2007, Defendant Arrow Financial filed a lawsuit in Third Judicial District Court in Salt Lake City, Utah, against Plaintiff Susan F. Dall, alleging that Dall had entered into an open account agreement with Washington Mutual Bank, that Dall had made charges on that account, and that Dall failed to pay the amount due on the account. On January 22, 2008, Arrow Financial attempted to serve Dall. Dall was not at home so the process server served a copy of the Summons and Complaint on Ms. Dall's son, Nick.

On February 29, 2008, Arrow Financial moved for default judgment against Dall. On March 5, 2008, Arrow Financial filed a Certificate of Default. That same day, the state court clerk entered Default Judgment against Dall for $3149.11 in damages and $161.34 in interest. Dall alleges that she was never served with the Default Judgment.

Five years later, on August 28, 2013, Defendant Gregory M. Constantino filed his Notice of Appearance in the state court action on behalf of Arrow Financial. That same day, he filed a Notice of Entry of Judgment. On October 8, 2013, Constantino filed an Application for a Continuing Writ of Garnishment for Arrow Financial. On October 10, 2013, the state court clerk issued a Writ of Continuing Garnishment and Instructions. Constantino served the writ on Dall's employer, Jet Blue Airways.

Dall alleges that she was unaware of the state court action against her or the Default

Judgment against her until the garnishment began. On November 4, 2013, attorney Douglas R. Short filed a Special Appearance of Counsel on behalf of Dall in the state action to challenge the court's jurisdiction over Dall. Short contacted Constantino to advise him that Dall never had a credit card account with Washington Mutual, that Dall was not served properly with the state court Complaint, and that Dall was challenging the propriety of the Default Judgment. Short also requested a copy of the credit agreement for the alleged account and demanded that Constantino stop the garnishments and return the garnished funds. Constantino refused to stop the garnishments or return the funds already garnished.

Dall filed a Motion to Quash the Writ of Garnishment and a Motion to Vacate Default Judgment. Those motions were initially denied by the state court because Dall and her counsel did not show up for the hearing. Dall refiled the motions and they are currently pending and unresolved in the state court case.

On December 18, 2013, Constantino filed an Ex Parte Motion to Change Name to Real Party in Interest from Arrow Financial to LVNV Funding, LLC. Despite the pending motions in state court, the Constantino Defendants continued to garnish Dall's wages until they received the full amount of the default judgment and filed a satisfaction of judgment.

On October 8, 2014, Dall sued Defendants in a separate, new action in state court for the collections efforts made against her, alleging that she never had a credit card account with Washington Mutual. On February 26, 2015, the Constantino Defendants, who were the only Defendants who had been served, removed the case to this court. The remaining defendants still have not been served.

## DISCUSSION

### Constantino Defendants' Motion for Judgment on the Pleadings

The Constantino Defendants move for judgment on the pleadings, arguing that this court should dismiss Dall's Complaint because it is barred by res judicata, the Rooker-Feldman doctrine, and the statute of limitations.

"[I]n particular cases, the federal courts should decline to adjudicate cases concurrently with state proceedings when considerations of 'wise judicial administration giving regard to the conservation of judicial resources and comprehensive disposition of litigation," would justify a stay or dismissal of the federal proceedings." *First National Credit Corp. v. Von Hake*, 511 F. Supp. 634, 644 (D. Utah 1981).

"A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, maters which traditionally look to state law for their resolution, or implicate separately articulated state policies." *Amanatullah v. Colo. Bd. Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999). "*Younger* abstention is non-discretionary, it must be invoked once the three conditions are met, absent extraordinary circumstances." *Id.*

In this case, the state court action in which the garnishment was obtained has pending motions regarding the validity of the garnishments. While a judgment has been entered, the case remains open and the court retains jurisdiction to address supplemental proceedings in the case. Next, the state court provides an adequate forum to hear the claims raised in Dall's Complaint. Dall originally brought the action in state court but the Constantino Defendants removed the case

because of the federal FDCPA claims.  Finally, the state garnishment proceeding involves matters which traditionally look to state law for their resolution.  The garnishment proceeding is governed by state law and is an integral part of the state judicial system.  The Supreme Court has recognized that "challenges to the processes by which the State compels compliance with the judgments of its courts" involve important state interests.  *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12 (1987).  Therefore, all three elements of the *Younger* abstention doctrine are met in this case.

In addition, "[u]nder the *Rooker-Feldman* doctrine, federal district courts 'do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings."  *Jackson v. Peters*, 81 Fed. Appx. 282, 285-86 (10th Cir. 2003).  "The doctrine 'prohibits a lower federal court from considering claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'" *Id.* at 286.

In *Jackson*, the court found that the plaintiff's claims regarding defective procedures relating to the garnishment of his wages were "inextricably intertwined with the state courts' judgments." *Id.*  The *Jackson* court concluded that the plaintiff must pursue his claims of defective procedures in the garnishment process in state court. *Id.*

As in *Jackson*, Dall's claims that the garnishment proceedings were procedurally defective are inextricably intertwined with the state courts' judgments.  Whether Defendants improperly sought the state court writ of garnishment or whether the court improperly issued the writ are issues for the state court to determine and must be pursued in state court.

Dall's FDCPA claims are also inextricably intertwined with the state garnishment issue. As in the *Williams* case, "proof that Defendants violated the FDCPA hinges on two issues: (1)

5

whether [Dall] is liable for the debt and (2) whether [Dall] was properly served in state court." *Williams v. Cavalry Portfolio Servs., LLC,* 2010 WL 20889656, *3 (C.D. Cal. July 20, 2010). "For this Court to exercise jurisdiction over these claims would be to review and undermine the state-court judgment. Plaintiff is essentially the losing party in state court who seeks relief from the default judgment." *Id.* This is the very situation *Rooker-Feldman* seeks to avoid.

All of Dall's claims, whether based in Utah law or as FDCPA claims, arise from the same source–Dall's assertion that the state court's default judgment and writ of garnishment were issued in error. This court cannot effectively vacate the state court judgment or review the judgment as an appellate court would. Accordingly, the Rooker-Feldman doctrine precludes this case from proceeding in federal court.

Because this court has concluded that it lacks jurisdiction over the present case, the court will not address any of the other issues or motions raised by the parties. Furthermore, because Dall initially filed this case in state court and Defendants removed the case to federal court, the court concludes that the proper course of action is to remand the case to state court. Dall asks this court for fees and costs resulting from the Constantino Defendants' improper removal of the case. The court recognizes that the Constantino Defendants could have researched the issues surrounding removal better. However, given the number of federal claims Dall asserted against the Constantino Defendants, removal appeared correct on the face of the Complaint and the court does not find the initial removal unreasonable.[1] The court, therefore, declines to award fees and costs.

---

[1] Dall also argues that removal was ineffective because Defendants did not file a copy of the state court Complaint. However, the state court Complaint was filed as an exhibit with Defendants' Notice of Removal. The Complaint, therefore, was properly filed in this court.

## CONCLUSION

Based on the above reasoning, the Constantino Defendants' Rule 12(c) Motion for Judgment on the Pleadings is GRANTED IN PART AND DENIED IN PART as explained above, the Constantino Defendants' Rule 12(b) Motion for Partial Summary Judgment on Plaintiff's Second and Fourth Causes of Action is DENIED WITHOUT PREJUDICE to be filed in state court, and Plaintiff Susan F. Dall's Motion for Remand for Failure to Effectively Remove Action is MOOT to the extent that the court already determined that it lacked jurisdiction over the case, DENIED IN PART to the extent that it asserts that removal was improper because the state court Complaint was not filed in this court, and GRANTED IN PART to the extent that the court is remanding the case based on a lack of jurisdiction over this removed action.

This case is REMANDED to the Third District Court in and for Salt Lake County, State of Utah, case number 140907010. Pursuant to 42 U.S.C. § 1447(c), the clerk of this court shall mail a certified copy of this Memorandum Decision and Order to the clerk of said state court.

DATED this 24th day of February, 2016.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge